PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District Massachusetts | |
|---|---|---|
| Name (under which you were convicted): **Loeurth Sok** | | Docket or Case No.:**99-419-001-009** **Trial Court** |
| Place of Confinement: **MCI Norfolk, 2 Clark Street, Norfolk, MA 02056** | | Prisoner No.: **W68918** |
| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) | |
| **Loeurth Sok** | v.Kathleen . Dennehy, Commissioner | |
| The Attorney General of the State of Massachusetts | | |

PETITION

# 05 11358 REK

1. (a) Name and location of court that entered the judgment of conviction you are challenging: **Middlesex Superior Court, 360 Gorham Street, Lowell, MA 01852**

   (b) Criminal docket or case number (if you know): **99-419-001-009**

2. (a) Date of the judgment of conviction (if you know): **December 11, 2000**

   (b) Date of sentencing: **December 21, 2000**

3. Length of sentence: **Originally 20 years, modified 10-20 years**

4. In this case, were you convicted on more than one count or of more than one crime? **Yes**

5. Identify all crimes of which you were convicted and sentenced in this case: **3 counts Robbery, Armed Masked MGL 265:17; Home Invasion MGL 265:13; Assault Dangerous Weapon MGL 265:15(B); 4 counts Indecent A&B MGL 265:01 - placed on file**

6. (a) What was your plea? (Check one)

   (1)  **Not guilty**            (3)  Nolo contendere (no contest)

   (2)  Guilty                    (4)  Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? **Plead not guilty to all counts**

Page 3

(c) If you went to trial, what kind of trial did you have? (Check one)

**Jury X**

Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

**Yes X**

No

8. Did you appeal from the judgment of conviction?

**Yes X**

No

9   If you did appeal, answer the following: (a) Name of court: **Massachusetts Appellate Court**

(b) Docket or case number (if you know): **Appellate Court 2002-P1248. Further Appellate review denied by Supreme Judicial Court**

(c) Result: **Sentence modified from 20 minimum to 10-20**

(d) Date of result (if you know):

(e) Citation to the case (if you know): **Unreported case**

(f) Grounds raised: **Voluntariness of confession and waivers; failure to provide constitutional right of confrontation and cross examination; verdict was against weight of evidence; Home Invasion Statute is unconstitutional - see attached.**

(g) Did you seek further review by a higher state court?          If yes, answer the following:

**Yes X**

No

(1) Name of court: **Further Appellate review denied by Supreme Judicial Court**

(2) Docket or case number (if you know): **Appellate Docket #2002-P-1248**

(3) Result: **Review denied**

(4) Date of result (if you know): **Supreme Judicial Court 06/30/04**

(5) Citation to the case (if you know): **Review denied, no citation.**

(6) Grounds raised: **Same as in Appellate Court and failure of Appellate Court to adequately address all issues raised in appeal.**

(h) Did you file a petition for certiorari in the United States Supreme Court?          If yes, answer the following:

Yes

**No X**

(1) Docket or case number (if you know):

Page 4

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions,

applications, or motions concerning this judgment of conviction in any state court?          Yes X  No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: **Appellate Division of Superior Court**

(2) Docket or case number (if you know): **99-0419 (1-4)**

(3) Date of filing (if you know): **Decision date May 20, 2003**

(4) Nature of the proceeding: **Sentence review**

(5) Grounds raised: **Sentence was unduly harsh and disproportionate to other sentences.  Defendant received a**

**minimum of 20 years sentence and there was no rape, or any injury which required medical attention, death or**

**mayhem.**

(6) Did you receive a hearing where evidence was given on your petition, application, or
motion?

**Yes X**

No

(7) Result: **Petition denied**

(8) Date of result (if you know): **May 20, 2003**

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know): (3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

Page 5

.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes

No

(7) Result:

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know): (3) Date of filing (if you know):

(4) Nature of the proceeding: (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes    No X

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

| | | |
|---|---|---|
| (1) First petition: | Yes | No |
| (2) Second petition: | Yes | No |
| (3) Third petition: | Yes | No |

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: **After the petition to the Appellate Division of the Superior Court was denied, defendant then filed an appeal to the Appeals Court where the sentence was modified.  Defendant subsequently filed an application for further Appellate Review, which was denied by the Supreme Judicial Court of Massachusetts on June 30, 2004.**

Page 6

    .

12. For this petition, state every ground which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use un) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: **Defendant did not make a knowing, voluntary and intelligent waiver of his Miranda Rights and other rights regarding self incrimination, right to legal counsel and right not to be questioned for lengthy periods while in custody and under duress. Defendant was 19 at the time of arrest, was born in Cambodia and spoke Khmer as his first language, defendant's father had recently deceased and defendant was tired and intimidated at time of waiver of rights.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground One, explain why: **Appeal and Further Application for Review was filed.**

(c) Direct Appeal of Ground One:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

       **Yes X**    No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) Post-Conviction Proceedings:

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes

**No X - But filed an Appeal and Request for Further Appellate Review.**

(2) If your answer to Question (d)(l) is "Yes," state: Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Page 7

Docket or case number (if you know): Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?

Yes

No

(4) Did you appeal from the denial of your motion or petition?

Yes

No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes

No

**05 11358 REK**

(6) If your answer to Question (d)(4) is "Yes," state: Name and location of the court where the appeal was filed:

Docket or case number (if you know): Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this Issue:

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: **Petition filed with Appellate Division of Superior Court Department, appeal filed with Court of Appeals; Application for Further Review filed with Supreme Judicial Court.**

GROUND TWO: **Trial Court allowed a highly prejudicial police report (witness statement) into evidence. Defendant's trial attorney objected because he could not cross examine the person who allegedly gave the statement to the police. The individual who allegedly gave the statement to the police, which the trial judge allowed in as evidence, testified in the trial of another defendant, who was tried in a separate trial, and her statement made to police was impeached and the other defendant was acquitted of all charges. Trial Court refused to allow into evidence that co-defendant was acquitted of all charges. The witness had testified at the co-defendant's trial that when the police showed her a photo array Loeurth Sok's photograph had been circled. The highly inflammatory statement of the witness allegedly given to the Lowell police was allegedly given by a woman who did not speak or write the English language with substantial accuracy, she needed an interpreter when she did testify, yet there was no credible evidence that any proper translation was made of her highly prejudicial statement, which was put into evidence without the witness being present for cross examination. The witness statement had no indicia of reliability as it was not subject to cross examination when made and defendant's attorney was never given the opportunity to cross examine the witness as to the statement which she allegedly gave to the police.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Page 8

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) Direct Appeal of Ground Two:

(1) If you appealed from the judgment of conviction, did you raise this issue?

**Yes X**

No

(2) If you did raise this issue in your direct appeal, explain why:

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes

**No X - But filed an Appeal and Request for Further Appellate Review.**

(2) If your answer to Question (d)(1) is "Yes," state: Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know): Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did yen receive a hearing on your motion or petition?

Yes

No

(4) Did you appeal from the denial of your motion or petition?

Yes

No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes

No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know): Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) Other Remedies. Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: **Appeal and Application for Further Appellate Review filed.**

GROUND THREE: **The totality of the facts and circumstances were against the weight of the evidence. The night of the crime, the victims called defendant's sister and asked her to help interpret and to explain what happened to the police. At the time when the incident was first reported defendant's name was never mentioned. There were other individuals who spoke English when the police first arrived on the scene. A police officer who testified at the trial stated that he obtained most of the information concerning the crime from one of the victims who spoke good English. The defendant's name was never mentioned as a suspect at the time the crime was first reported. No person or victim ever mentioned the defendant as a suspect at the time of the crime when the police first arrived. During the trial the victims testified that they knew the defendant and claimed at the trial that they recognized him and his voice. But it was not until weeks after the date of the crime and after at least one witness made reference to defendant's photograph being circled in a photo array, did defendant become a suspect. Police had no other evidence to link the defendant to the crime, no fingerprints, no gun, no possessions of the victims found on defendant or at his house, nothing else to connect the defendant with the crime.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c) Direct Appeal of Ground Three:

   (1) If you appealed from the judgment of conviction, did you raise this issue?

      Yes   No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) Post-Conviction Proceedings:

   (1) Did you raise this issue through a post.conviction motion or petition for habeas corpus in a state trial court?

Yes

**No X - but filed Appeal and Request for Further Appellate Review.**

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know): Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?

Yes

No

(4) Did you appeal from the denial of your motion or petition?

Yes

No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes

No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know): Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: **Filed an Appeal and Request for Further Appellate Review.**

GROUND FOUR:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): **Defendant asserts that the Massachusetts Home Invasion Statute is unconstitutional. It is overly broad, vague and has repeatedly been criticized by Trial Courts, prosecutors, defense attorneys, Appeals Courts and the Supreme Judicial Court of Massachusetts as a problem statute. There is no other statute in Massachusetts for which a minimum sentence of 20 years applies, except for pre-meditated murder. Even with second degree murder, a person can be paroled after 15 years. This statute does not require harm to the victim, nor is it required that the victim be placed in fear. If a person becomes angry or upset and walks across the hall of his apartment building or dormitory and sticks his head in his neighbor's door and says "if you do not turn down your t.v., I will hit you with my beer bottle" that person has just committed home invasion according to MGL 265(18)(C) and, if found guilty, he/she must serve a minimum of 20 years. The statute is so bizarre that the Appeals Court of Massachusetts has determined that the statute requires that if the defendant had threatened his neighbor with a gun, instead of a beer bottle, he would only have to serve 10 years!**

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c) Direct Appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did you raise this issue?

**Yes X**    No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes    **No X - Appealed to Appellate Court and Supreme Judicial Court.**

(2) If your answer to Question (d)(1) is "Yes," state: Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know): Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?

Yes

No

(4) Did you appeal from the denial of your motion or petition? Yes    No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    Yes    **No X**

(6) If your answer to Question (d)(4) is "Yes," state: Name and location of the court where the appeal was filed:

Docket or case number (if you know): Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: **Appealed to Appeals Court and Requested Further Appellate Review from Massachusetts Supreme Judicial Court.**

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?

**Yes X**

No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: No.

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    Yes    **No X**

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    Yes    No **X**

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: **Oscar Cruz, Public Defender's Officer, Lowell, Massachusetts**

(b) At arraignment and plea: **Oscar Cruz**

(c) At trial: **Oscar Cruz**

(d) At sentencing: Initial sentencing: **Oscar Cruz, Re-sentencing: David LiBassi**

(e) On appeal: **David LiBassi, 648 Central Street, Lowell, MA 01852**

(f) In any post-conviction proceeding: **David LiBassi- Sentencing Review Board**

(g) On appeal from any ruling against you in a post. conviction proceeding:

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?
    Yes    No **X**

Page 14

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?

Yes No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 D.S.C. § 2244(d) does not bar your petition.*

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 D.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: **Defendant requests that each and every one of his convictions be vacated and that he be granted a new trial with all the protections and rights as guaranteed to him under due process of law and in accordance with the Constitution of the Commonwealth of Massachusetts and the United States Constitution. Defendant also seeks all other relief which this Honorable Court deems appropriate,**

or any other relief to which petitioner may be entitled.

**Defendant respectfully requests opportunity to submit briefs, exhibits and an opportunity for a hearing and oral argument. Defendant submit herewith the following exhibits:**

### EXHIBITS

1. Copy of Defendant's Brief filed with Massachusetts Appeals Court;
2. Copy of Defendant's Reply Brief filed with Massachusetts Appeals Court;
3. Order of the Appeals Court;
4. Defendant's Brief filed with Massachusetts Supreme Judicial Court asking for Further Appellate Review;
5. Defendant's Appendix to Petition for Further Appellate Review submitted to Supreme Judicial Court; and
6. Order of the Supreme Judicial Court of the Commonwealth of Massachusetts.

Signature of Attorney

6-28-05

David P. LiBassi
648 Central Street
Lowell, MA 01852
Tel: 978-441-9339
BBO#: 547480
June 28, 2005

## COMMONWEALTH OF MASSACHUSETTS

**MIDDLESEX, SS.**

**SUPERIOR COURT**
**CASE NO: 99-419-001-009**

COMMONWEALTH OF
MASSACHUSETTS

)
)
)

V.

)
)

LOEURTH SOK

)

### CERTIFICATE OF SERVICE

I hereby certify that I have this day mailed first class mail postage prepaid a copy of:

1.     Petition for Relief From a Conviction or Sentence by a Person in State Custody; and

2.     Civil Action Cover Sheet

to Thomas F. Reilly, Esquire, Attorney General, Commonwealth of Massachusetts, One Ashburton Place, Boston, Massachusetts 02108.

David P. LiBassi
648 Central Street
Lowell, MA 01852
(978) 441-9339
BBO# 547480
June 28, 2005

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
LOEURTH SOK

## DEFENDANTS

05 11358 REK

**(b)** County of Residence of First Listed Plaintiff    (MCI)  Norfolk
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
       LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
David P. LiBassi, 648 Central St.,
Lowell, MA 01852  (978)  441-9339

Attorney (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
      Plaintiff

☒ 3  Federal Question
      (U.S. Government Not a Party)

☐ 2  U.S. Government
      Defendant

☐ 4  Diversity
      (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                          and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☒ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☒ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original
    Proceeding

☐ 2 Removed from
    State Court

☐ 3 Remanded from
    Appellate Court

☐ 4 Reinstated or
    Reopened

☐ 5 Transferred from
    another district
    (specify)

☐ 6 Multidistrict
    Litigation

☐ 7 Appeal to District
    Judge from
    Magistrate
    Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 2254
Brief description of cause:
Wrongful Imprisonment

## VII. REQUESTED IN
COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
  UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S)
IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE
6-28-05
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only) _Cover By . Sck Vs_
_KAThEEN VennEhy et Al_

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local
rule 40.1(a)(1)).

___    I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

___    II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

___    III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
380, 385, 450, 891.

**05   11358 REK**

_X_    IV.   220, 422, 423, 430, 460, 480, 490, 510, (530), 610, 620, 630, 640, 650, 660,
690, 810, 861-865, 870, 871, 875, 900.

___    V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in this
district please indicate the title and number of the first filed case in this court.
_None_

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

YES ☐        NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28
USC §2403)

YES ☐        NO ☑

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

YES ☐        NO ☑

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

YES ☐        NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

YES ☑        NO ☐

A.    If yes, in which division do all of the non-governmental parties reside?

Eastern Division ☑        Central Division ☐        Western Division ☐

B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
agencies,  residing in Massachusetts reside?

Eastern Division ☐        Central Division ☐        Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes,
submit a separate sheet identifying the motions)

YES ☐        NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME _Gerald di Gassi_

ADDRESS _648 Central Street, Lowell, MA 01852_

TELEPHONE NO. _978 - 441 - 9339_

(CategoryForm.wpd -5/2/05)