UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No: 05-11358-RGS

LOEURTH SOK )
    Petitioner )
)
vs. )
)
KATHLEEN DENNEHY )
    Respondent )

## PETITIONER'S MOTION IN OPPOSITION TO RESPONDENT'S MOTION TO DISMISS

Now comes the Petitioner, Loeurth Sok, and requests that this Honorable Court deny Defendant's Motion in its entirety. In support of Petitioner's opposition, he encloses a Memorandum of Law.

                                  LOEURTH SOK
                                  By his attorney

                                  _/s/ David P. LiBassi_
                                  David P. LiBassi
                                  648 Central Street
                                  Lowell, Massachusetts 01852
                                  Tel: 978-441-9339
                                  BBO#: 547480
                                  April 24, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No: 05-11358-RGS

| | |
|---|---|
| LOEURTH SOK<br>    Petitioner | )<br>)<br>) |
| vs. | )<br>) |
| KATHLEEN DENNEHY<br>    Respondent | )<br>) |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day sent via first class mail postage prepaid a copy of:

1. Petitioner's Motion in Opposition to Respondent's Motion to Dismiss;
2. Memorandum in Support of Motion in Opposition;

to Randall E. Ravitz, Esquire, Assistant Attorney General, One Ashburton Place, Boston, Massachusetts 02108.

LOEURTH SOK
By his attorney

_____
David P. LiBassi
648 Central Street
Lowell, Massachusetts 01852
Tel: 978-441-9339
BBO#: 547480
April 24, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No: 05-11358-RGS

LOEURTH SOK )
    Petitioner )
                                  )
vs. )
                                  )
KATHLEEN DENNEHY )
    Respondent )

**PETITIONER'S MEMORANDUM IN SUPPORT
OF MOTION IN OPPOSITION TO
RESPONDENT'S MOTION TO DISMISS**

**PETITIONER'S RESPONSE TO RESPONDENT'S CHALLENGE TO
GROUND ONE OF THE HABEAS CORPUS PETITION**

In the first portion of respondents attack he asserts that in his opinion there was not adequate reference of discussion concerning defendant's claims of denial of his constitutionally protected due process rights. Petitioner's Application for Further Appellate Review (hereinafter "AFFAR") detailed the factual basis regarding constitutional violations of his right to remain silent and rights as guaranteed in accordance with <u>Miranda v. Arizona</u> 384 U.S. 436 (1966). The overall circumstances presented in petitioner's AFFAR provided a foundation for the concept that the Courts are required to make every reasonable presumption against waiver of fundamental constitutional rights <u>Johnson v. Zerbest</u> 304U.S. 458, 464 (1968). Detailed factual background was also provided for the notion that "every effort must be made by police to see to it that the defendant did not unknowingly relinquish Constitutional protections indispensable to a fair trial". <u>Schneckloth v. Bustamonte</u> 412 U.S. 218, 242 (1973). (Respondent's Exhibit "E" pg. 17.) The petitioner further argued that his Constitutional rights were implicated because the

Supreme Judicial Court also stated that the focus is on the manner and duration of the interrogation, as well as the vulnerability of the defendant. Procunier v. Atchley 400 U.S. 466, 453 (1971). (Respondent's Exhibit "E" pg. 17.) Clearly the defendant did express and reference Federal deprivations contrary to the United States Constitution and obvious violations of his rights in accordance with the United States Supreme Court cases interpreting same.

In the recent Supreme Judicial Court case of Hamdi v. Rumsfeld 542 U.S. 507 (2004) the petitioner filed a writ of habeas corpus, claiming the government has held his son "without access to legal counsel or notice of any of the charges pending against him". Despite the lack of specifics and perfect language, the Supreme Judicial Court not only found that the habeas corpus petition was adequate, it also granted the petitioner relief.

There is no question that Petitioner's ground one adequately and expressly makes all aware of defendant's basis for his claims and that is all that is required. Defendant's brief in support of ground one, clearly provides a factual background, identifies the Federal questions and cites United States Supreme Court cases in support of his petition.

### PETITIONER'S RESPONSE TO RESPONDENT'S CHALLENGE TO GROUND TWO OF THE HABEAS CORPUS PETITION

The respondent concedes that a portion of petitioner's ground two alleged in his petition is adequate. That is the portion where the petitioner alleges that the trial court improperly allowed a highly prejudicial police "witness statement" into evidence

The respondent, however, alleges that there is an unexhausted portion of ground two as petitioner also referenced the trial court's failure to admit certain evidence, specifically that a co-defendant was acquitted of all charges. Petitioner asserts, however, that this issue was clearly raised in the Appellate Court brief submitted by defendant's counsel. Because the Supreme Judicial Court refused to grant any review of the petitioner's claims to the highest court in the Commonwealth of Massachusetts, the petitioner asserts that his failure to raise this particular issue in his request for further appellate review by the Supreme Judicial Court does not foreclose the matter. In accordance with the Procedural Rules of the Filing an AFFAR, the appellant is limited to thirty (30) pages. The petitioner/appellant claimed numerous grounds in violation of his state and federal rights in his application for further appellate review. Therefore, he was at a disadvantage to address in detail all issues. However, because the Massachusetts Supreme Judicial Court refused to grant a review, the petitioner did address the issue in his brief to the Massachusetts Appellate Court, which was the highest Court petitioner was allowed to have the issue examined. (See Appellate Brief filed with Habeas Petition.) Additionally, failure of a petitioner to exhaust all state remedies does not bar the Federal Court from considering the unexhausted claims on the merits. Gagne v. Fair 835 F.2d 6, 9 (1st Cir. 1987).

### PETITIONER'S RESPONSE TO RESPONDENT'S CHALLENGE TO GROUND THREE OF THE HABEAS CORPUS PETITION

Respondent concedes that there is no basis to challenge Ground three of his petition.

### PETITIONER'S RESPONSE TO RESPONDENT'S CHALLENGE TO GROUND FOUR OF THE HABEAS CORPUS PETITION

Respondent agrees that Ground four of the habeas petition adequately referenced that the Massachusetts Home Invasion Statute is unconstitutionally vague.

3

However, respondent asserts that the petitioner also referenced that the Home Invasion Statute was overly broad and that the two concepts are distinct. Respondent contends that there was not enough specifics in regard to the "over breadth" challenge. Petitioner asserts that in the common English language that the concepts of vagueness and being overly broad are not necessarily dissimilar. However, petitioner acknowledges that the concept of vagueness and over breadth have distinct meanings in legal nomenclature. The concept of over breadth seems to be directed towards challenges of First Amendment Rights. See, for example, Virginia v. Black 538 U.S. 343 (2003). However, statutes have been ruled unconstitutional because they encompass too much. For example, even though the United States Supreme Court did not use the words "overly broad" in declaring an abortion statute unconstitutional, the notion was apparent and implied in the Court's rationale. See Stenberg v. Carhardt No. 99-830 (U.S. 6/28 2000).

The respondent appears to suggest that presenting a claim of unconstitutionality to the states highest court is not an exhaustion of remedies. There is no dispute that the petitioner petitioned both the Massachusetts Appeals Court and the Supreme Judicial Court in regard to the unconstitutionality of the Home Invasion Statute. In petitioners AFFAR petitioner detailed federal and state case law and outlined facts and scenarios as to why the Home Invasion Statute should be deemed unconstitutional. The petitioner made his arguments to both the Massachusetts Appeals Court and in his AFFAR.

The respondent expresses that somehow the petitioner must do something more than ask the state's highest court to determine that the statute is unconstitutional.

unconstitutionality of the statute and the court does not take the task, then the next appropriate avenue is and becomes the habeas corpus petition.

In Wade v. Mayo State Prison Custodian 334 U.S. 672 (1948) the court stated that the Florida court had given a final determination as to whether or not Wade was denied constitutional right to counsel. It was decided by the Florida highest court and that was all that was required. Id. at 682. It is not required that petitioner make futile attempts prior to filing a petition for habeas corpus. Id.

The First Circuit has held that the failure of habeas petitioner to exhaust all states remedies does not necessarily bar the Federal Court from considering the unexhausted claims on the merits. Gagne v. Fair 835 F.2d 6, 9 (1st Cir. 1987).

As explained by the First Circuit, a petitioner may satisfy the exhaustion requirement by any of the following methods. 1. Citing a specific provision of the Constitution. 2. Presenting the substance of a federal constitutional claim in such a manner that it likely alerted the state court to the claim's federal nature. 3. Reliance on federal constitutional precedence. 4. Claiming a particular right specifically guaranteed by the Constitution. Paulding v. Allen 300 F.Supp.2nd 247 (D.Mass. 2004). Gagne v. Fair 835 F.2d 6, 7 (1st Cir. 1987).

The petitioners habeas corpus petition incorporated the brief filed with the Appellate Court of Massachusetts, as well as his AFFAR filed with the Massachusetts Supreme Judicial Court. Throughout these documents, petitioner made references to denials of rights guaranteed by the cited United States Constitution and United

Undoubtedly, petitioner's habeas corpus petition "likely alerted" all to the petitioner's federally based claims. As was claimed in Paulding, the respondent alleged that there was only passing reference to federal due process rights and therefore claimed the petition should be dismissed. However, the Honorable Chief William Young clearly found otherwise and denied the Motion to Dismiss accordingly.

The only way to conclude that the petitioner did not "likely alert" the Court to his federal claims could only be possible if there was selective review of the petition. Clearly the petition and supporting documents in their entirety more than adequately present an adequate and specific basis to support the habeas corpus petition.

### PETITIONERS RESPONSE TO RESPONDENT'S CHALLENGE THAT THE WRONG PARTY WAS NAMED

Finally, the petitioner claims that there was an improper respondent named. Kathleen Dennehy is the Commissioner of the Massachusetts Department of Correction. It is her role to oversee Massachusetts Department of Correction.

It is based upon her policies, procedures and directives that the decision is made as to which facility the petitioner shall serve his sentence at any particular time. The petitioner has been transferred to a number of different facilities during his sentence based upon the policies, procedures and directives of Kathleen Dennehy, the Commissioner of Department of Corrections for the Commonwealth of Massachusetts.

Because it is not known at any particular moment where the petitioner will be

transferred, the proper party is Commissioner of the Department of Corrections who is ultimately responsible for the custody of the petitioner Loeurth Sok.

It is petitioners counsel's recollection that at the time that the petition was filed, petitioner was incarcerated at Souza Baranowski Correctional Facility. He was subsequently transferred to MCI Norfolk. Because petitioner's counsel does not speak with petitioner every week, or every month, and petitioner is at the mercy of the Department of Corrections as to when and where he is transferred, the most proper person is Kathleen Dennehy, the Commissioner, who is ultimately responsible for petitioner's placement.

Commissioner Dennehy can have whatever access to the petitioner records, documents she desires. Additionally, because Ms. Dennehy is the Commissioner, it would be upon her order and certainly in her control to produce the petitioner whenever and wherever necessary.

Unlike the situation referenced by the respondent in Vasquez v. Reno 233 F. 3d 688, Commissioner Dennehy is not a separate and distinct entity, as was the case in Vasquez where respondent claimed the Department of Corrections and the United States Attorney's Office are separate and distinct governmental agencies. Commissioner Dennehy is ultimately responsible for the placement of the petitioner and therefore is the proper party to be named in the petition.

interpreting the Constitution. Petitioner also asserts that the Commissioner of the Department of Corrections is the proper party who has ultimate control over the defendant as a prisoner of the Massachusetts Department of Corrections.

Wherefore, petitioner requests that this Honorable Court deny respondents Motion to Dismiss in its entirety and that it grant the petitioner relief in accordance with his Habeas Corpus Petition.

                                              LOEURTH SOK
                                              By his attorney

                                              _____
                                              David P. LiBassi
                                              648 Central Street
                                              Lowell, Massachusetts 01852
                                              Tel: 978-441-9339
                                              BBO#: 547480
                                              April 24, 2006