UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOEURTH SOK, ) | |
|     Petitioner, ) | |
| v. ) | Civil Action No. 05-11358-RGS |
| KATHLEEN DENNEHY, ) | |
|     Respondent. ) | |

## RESPONDENT'S ANSWER TO AMENDED PETITION

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases ("Rule 5"), Respondent Kathleen Dennehy (the "Respondent") hereby answers the Habeas Corpus Petition, as amended, (the "Amended Petition")[1] of Petitioner Loeurth Sok (the "Petitioner") as follows.[2]

1. The Respondent admits the allegations contained in Paragraph 1 of the Amended Petition.

2(a). The Respondent admits the allegations contained in Paragraph 2(a) of the Amended Petition.

2(b). The Respondent denies the allegations contained in Paragraph 2(b) of the Amended Petition.

---

[1] The Respondent treats the petition as omitting Ground Two in its entirety and omitting that portion of Ground Four in which the Petitioner claimed that the Massachusetts Home Invasion Statute was overbroad, in accordance with the Report and Recommendations of Magistrate Judge Collings, the Petitioner's Response to the Report and Recommendations, and the Court's Order of March 6, 2007.

[2] Filed herewith is the Respondent's Rule 5 Appendix Accompanying Her Answer.

3. The Respondent admits that the Petitioner initially received a sentence of between twenty years and twenty years and one day in connection with his conviction on one count, but denies that that was the only sentence that the Petitioner received and otherwise denies the allegations contained in Paragraph 3 of the Amended Petition.

4. The Respondent admits the allegations contained in Paragraph 4 of the Amended Petition.

5. The Respondent admits that the Petitioner was convicted of three counts of robbery while armed and masked, made punishable by M.G.L. c. 265, § 17, that he was convicted of home invasion, that he was convicted of assault with a dangerous weapon, made punishable by M.G.L. c. 265, § 15B(b), and that he was convicted of indecent assault and battery on a person who has attained age fourteen, which conviction was placed on file. The Respondent denies the allegations contained in Paragraph 5 of the Amended Petition that the Petitioner was convicted pursuant to M.G.L. c. 265, § 13, that the Petitioner was convicted of only one count of assault with a dangerous weapon, that the Petitioner was convicted of four counts of indecent assault and battery, that the Petitioner was convicted pursuant to M.G.L. c. 265, § 1, and that Paragraph 5 of the Amended Petition identifies all crimes of which the Petitioner was convicted.

6. The Respondent admits the allegations contained in Paragraph 6 of the Amended Petition.

7. The Respondent admits the allegations contained in Paragraph 7 of the Amended Petition.

8. The Respondent admits the allegations contained in Paragraph 8 of the Amended Petition.

9(a). The Respondent admits the allegations contained in Paragraph 9(a) of the Amended Petition, except that the name of the court at issue is the Massachusetts Appeals Court.

9(b). The Respondent admits the allegations contained in Paragraph 9(b) of the Amended Petition.

9(c). The Respondent admits that the Massachusetts Appeals Court remanded the Petitioner's case for resentencing on one count with a maximum sentence of twenty years and a minimum sentence of ten years, but the Respondent denies any allegations contained in Paragraph 9(c) of the Amended Petition that the sentence on that count was the only sentence that the Petitioner received and that the order remanding the case for resentencing on that count was the only result of the Petitioner's appeal.

9(d). Paragraph 9(d) of the Amended Petition contains no allegations.

9(e). The Respondent admits that the Massachusetts Appeals Court's decision on the Petitioner's appeal is considered unpublished, but denies any allegations contained in Paragraph 9(e) of the Amended Petition that the decision was not reported in any fashion and is without any citation.

9(f). The Respondent admits that the grounds stated in Paragraph 9(g)(6) of the Amended Petition were raised, but denies that such grounds had merit and that they were all sufficiently exhausted at the state level.

9(g). The Respondent admits the allegation contained in Paragraph 9(g) of the Amended Petition that the Petitioner sought review by a higher state court.

9(g)(1). The Respondent admits the allegations contained in Paragraph 9(g)(1) of the Amended Petition.

9(g)(2). The Respondent denies the allegations contained in Paragraph 9(g)(2) of the Amended Petition.

9(g)(3). The Respondent admits the allegations contained in Paragraph 9(g)(3) of the Amended Petition.

9(g)(4). The Respondent admits the allegations contained in Paragraph 9(g)(4) of the Amended Petition.

9(g)(5). The Respondent admits that review was denied, but denies the allegation contained in Paragraph 9(g)(5) of the Amended Petition that the decision is without any citation.

9(g)(6). The Respondent admits that the grounds stated in Paragraph 9(g)(6) of the Amended Petition were raised, but denies that such grounds had merit and that they were all sufficiently exhausted at the state level, and states that the name of the intermediate-level appellate state court is the Massachusetts Appeals Court.

9(h). The Respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9(h) of the Amended Petition and therefore denies those allegations.

10. The Respondent denies the allegations contained in Paragraph 10 of the Amended Petition.

11(a)(1).   The Respondent admits that the Petitioner commenced an appeal of his sentence to the Appellate Division of the Superior Court, but denies any allegation contained in Paragraph 11(a)(1) of the Amended Petition that that appeal concerned his judgment of conviction.

11(a)(2).   The Respondent admits that the Petitioner's appeal of his sentence to the Appellate Division of the Superior Court was in connection with indictment numbers 99-0419 (1-4), but denies any allegation contained in Paragraph 11(a)(2) of the Amended Petition that that appeal concerned his judgment of conviction.

11(a)(3).   The Respondent denies the allegations contained in Paragraph 11(a)(3) of the Amended Petition.

11(a)(4).   The Respondent admits that the Petitioner commenced an appeal of his sentence to the Appellate Division of the Superior Court, but denies any allegation contained in Paragraph 11(a)(4) of the Amended Petition that that appeal concerned his judgment of conviction..

11(a)(5).   The Respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11(a)(5) of the Amended Petition regarding the grounds raised in the Petitioner's appeal of his sentence to the Appellate Division of the Superior Court and therefore denies those allegations.  The Respondent further denies any allegation contained in Paragraph 11(a)(5) of the Amended Petition that that appeal concerned his judgment of conviction.

11(a)(6).   The Respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11(a)(6) of the Amended

|  |  |
|---|---|
|  | Petition regarding the grounds raised in the Petitioner's appeal of his sentence to the Appellate Division of the Superior Court and therefore denies those allegations. The Respondent further denies any allegation contained in Paragraph 11(a)(6) of the Amended Petition that that appeal concerned his judgment of conviction. |
| 11(a)(7). | The Respondent admits that the Appellate Division of the Superior Court declined to provide relief to the Petitioner in connection with his appeal of his sentence, but denies any allegation contained in Paragraph 11(a)(7) of the Amended Petition that that appeal concerned his judgment of conviction. |
| 11(a)(8). | The Respondent denies the allegations contained in Paragraph 11(a)(8) of the Amended Petition. |
| 11(b). | Paragraph 11(b) of the Amended Petition contains no allegations. |
| 11(c). | The Respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11(c) of the Amended Petition and therefore denies those allegations. |
| 11(d). | Paragraph 11(d) of the Amended Petition contains no allegations. |
| 11(e). | The Respondent denies any allegation contained in Paragraph 11(e) of the Amended Petition that the Petitioner's appeal in the Massachusetts Appeals Court was entered after his appeal of his sentence to the Appellate Division of the Superior Court was decided. The Respondent admits the remaining allegations contained in Paragraph 11(e) of the Amended Petition, except that the Respondent is without knowledge or information sufficient to form a belief as to the truth of any allegations contained therein concerning the Petitioner's reasons for taking or |

        not taking certain actions and therefore denies those allegations, and the Respondent denies any allegation contained therein that that the Petitioner's appeal to the Appellate Division of the Superior Court concerned his judgment of conviction.

12(1). The first sentence of the GROUND ONE section of Paragraph 12 of the Amended Petition contains one or more conclusions of law to which no response is required. To the extent that a response is required, the Respondent denies the allegations contained in that sentence. The Respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of the GROUND ONE section of Paragraph 12 of the Amended Petition and therefore denies those allegations

12(1)(a). Subparagraph (a) of the GROUND ONE section of Paragraph 12 of the Amended Petition contains no allegations.

12(1)(b). The Respondent admits that the Petitioner filed an appeal and an application for further appellate review, but the Respondent is without knowledge or information sufficient to form a belief as to the truth of any allegations contained in Subparagraph (b) of the GROUND ONE section of Paragraph 12 of the Amended Petition concerning the Petitioner's reasons for taking or not taking certain actions and therefore denies those allegations.

12(1)(c). Subparagraph (c) of the GROUND ONE section of Paragraph 12 of the Amended Petition contains one or more conclusions of law to which no response is required. To the extent that a response is required, the Respondent denies the allegations

            contained in Subparagraph (c) of the GROUND ONE section of Paragraph 12 of the Amended Petition.

12(1)(d).   To the extent that Subparagraph (d) of the GROUND ONE section of Paragraph 12 of the Amended Petition alleges that the Petitioner raised the issue stated in the GROUND ONE section of Paragraph 12 of the Amended Petition to state appellate courts, that subparagraph states one or more conclusions of law to which no response is required. To the extent that a response is required, the Respondent denies such allegations. The Respondent otherwise admits the allegations contained in Subparagraph (d) of the GROUND ONE section of Paragraph 12 of the Amended Petition.

12(1)(e).   Subparagraph (e) of the GROUND ONE section of Paragraph 12 of the Amended Petition contains one or more conclusions of law to which no response is required. To the extent that a response is required, the Respondent admits that the Petitioner undertook the steps that he listed in Subparagraph (e) of the GROUND ONE section of Paragraph 12 of the Amended Petition, but denies that any of such steps were sufficient to exhaust his state remedies with respect to the issue stated in the GROUND ONE section of Paragraph 12 of the Amended Petition.

12(2).   The GROUND TWO section of Paragraph 12 of the Amended Petition contains no allegations.

12(3).   The first sentence of the GROUND THREE section of Paragraph 12 of the Amended Petition contains one or more conclusions of law to which no response is required. To the extent that a response is required, the Respondent denies the allegations contained in that sentence. The Respondent admits the allegations

        contained in the GROUND THREE section of Paragraph 12 of the Amended Petition that "[d]uring the trial the victims testified that they knew the defendant and claimed at the trial that they recognized him and his voice." The Respondent is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the GROUND THREE section of Paragraph 12 of the Amended Petition and therefore denies those allegations.

12(3)(a). Subparagraph (a) of the GROUND THREE section of Paragraph 12 of the Amended Petition contains no allegations.

12(3)(b). Subparagraph (b) of the GROUND THREE section of Paragraph 12 of the Amended Petition contains no allegations.

12(3)(c). Subparagraph (c) of the GROUND THREE section of Paragraph 12 of the Amended Petition contains no allegations.

12(3)(d). The Respondent admits the allegations contained in Subparagraph (d) of the GROUND THREE section of Paragraph 12 of the Amended Petition.

12(3)(e). Subparagraph (e) of the GROUND THREE section of Paragraph 12 of the Amended Petition contains one or more conclusions of law to which no response is required. To the extent that a response is required, the Respondent admits the allegations contained in the GROUND THREE section of Paragraph 12 of the Amended Petition.

12(4)(a). Each and every sentence of Subparagraph (a) of the GROUND FOUR section of Paragraph 12 of the Amended Petition contains one or more conclusions of law to which no response is required. To the extent that a response is required, the Respondent denies the allegations contained in Subparagraph (a) of the GROUND

|        |     |
|--------|-----|
|        | FOUR section of Paragraph 12 of the Amended Petition that the Massachusetts Home Invasion Statute is unconstitutional and vague, and the Respondent is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in that subparagraph and therefore denies those allegations. |
| 12(4)(b). | Subparagraph (b) of the GROUND FOUR section of Paragraph 12 of the Amended Petition contains no allegations. |
| 12(4)(c). | Subparagraph (c) of the GROUND FOUR section of Paragraph 12 of the Amended Petition contains one or more conclusions of law to which no response is required. To the extent that a response is required, the Respondent admits that the Petitioner raised certain statements contained in that subparagraph, but denies that the Petitioner raised all statements contained therein on appeal. |
| 12(4)(d). | The Respondent admits the allegations contained in Subparagraph (d) of the GROUND FOUR section of Paragraph 12 of the Amended Petition. |
| 12(4)(e). | Subparagraph (e) of the GROUND FOUR section of Paragraph 12 of the Amended Petition contains one or more conclusions of law to which no response is required. To the extent that a response is required, the Respondent admits the allegations contained in the GROUND FOUR section of Paragraph 12 of the Amended Petition. |
| 13. | Paragraph 13 of the Amended Petition contains one or more conclusions of law to which no response is required. To the extent that a response is required, the Respondent denies the allegations contained in Paragraph 13 of the Amended Petition. |

14. The Respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Amended Petition and therefore denies those allegations.

15. The Respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Amended Petition and therefore denies those allegations.

16(a). The Respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16(a) of the Amended Petition and therefore denies those allegations.

16(b). The Respondent is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 16(b) of the Amended Petition that Attorney Oscar Cruz is located in Lowell, Massachusetts, and therefore denies that allegation. The Respondent admits the remaining allegations contained in Paragraph 16(b) of the Amended Petition, except that the agency employing Attorney Cruz was entitled the Committee for Public Counsel Services.

16(c). The Respondent admits the allegations contained in Paragraph 16(c) of the Amended Petition, except that the Respondent is without knowledge or information sufficient to form a belief as to the truth of whether the counsel listed was the Petitioner's sole counsel.

16(d). The Respondent admits the allegations contained in Paragraph 16(d) of the Amended Petition with respect to the Petitioner's sentencing. The Respondent is without knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 16(d) of the Amended Petition with respect to the Petitioner's resentencing and therefore denies those allegations.

16(e).   The Respondent admits the allegations contained in Paragraph 16(e) of the Amended Petition, except that the Respondent is without knowledge or information sufficient to form a belief as to the truth of whether the counsel listed was the Petitioner's sole counsel.

16(f).   The Respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16(f) of the Amended Petition and therefore denies those allegations.

16(g).   Paragraph 16(g) of the Amended Petition contains no allegations.

17.   The Respondent is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Amended Petition, and therefore denies those allegations.

18.   Paragraph 18 of the Amended Petition contains no allegations.

In accordance with Rule 5(b), the Respondent states that the Petitioner's action is defective for the reasons stated in the Affirmative Defenses listed below. The other information and/or materials required by Rule 5 are contained in the Respondent's Rule 5 Appendix Accompanying Her Answer, which is filed herewith. The Exhibits to that Appendix are being filed in paper form, rather than electronic form, pursuant to Local Rule 5.4(g)(1)(e).

### First Affirmative Defense

The Amended Petition fails to state a claim for which relief may be granted.

### Second Affirmative Defense

The alleged actions and omissions on which the Amended Petition is based, if committed, would not offend the Constitution or laws or treaties of the United States.  See 28 U.S.C. § 2254(a).

### Third Affirmative Defense

The Petitioner is not entitled to relief, because she is not in custody in violation of the Constitution or laws or treaties of the United States.  See 28 U.S.C. § 2254(a).

### Fourth Affirmative Defense

To the extent that the Petitioner's claims were decided on the merits by the courts of Massachusetts, such adjudication did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States.  See 28 U.S.C. § 2254(d)(1).

### Fifth Affirmative Defense

To the extent that the Petitioner's claims were decided on the merits by the courts of Massachusetts, such adjudication did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings, and the Petitioner cannot rebut the presumption of the correctness of those facts by clear and convincing evidence.  See 28 U.S.C. § 2254(d)(2).

### Sixth Affirmative Defense

The Petitioner's conviction rests on adequate and independent state law grounds.

### Seventh Affirmative Defense

The Petitioner has failed to satisfy the statutory requirement that he exhaust state remedies with respect to all claims in his Amended Petition before it is filed.  See 28 U.S.C. § 2254(b)-(c).

### Eighth Affirmative Defense

The Respondent is not the immediate custodian of the Petitioner and is thus not a proper respondent to the Petitioner's action.

### Ninth Affirmative Defense

The Petitioner requests forms of relief that are beyond the scope of that which a federal district court has the power to award in a habeas corpus proceeding arising from a state conviction.

### Tenth Affirmative Defense

The Petitioner raises one more claims that are not cognizable on federal habeas corpus review.

### Eleventh Affirmative Defense

The Petition is defective, because the Petitioner has failed to answer certain questions on the required form and has improperly attempted to incorporate lengthy documentation.

The Respondent respectfully reserves the right to amend or supplement this Answer and the accompanying Appendix in the future should that need arise.

Respectfully submitted,

MARTHA COAKLEY
ATTORNEY GENERAL


 /s/ Randall E. Ravitz
Randall E. Ravitz (BBO # 643381)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts  02108
(617) 727-2200, ext. 2852

Dated:  March 16, 2007


**CERTIFICATE OF SERVICE**

     I hereby certify that this document filed through the Electronic Case Filing system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to the registered participants and those indicated as non-registered participants on the date set forth below.


Dated: March 16, 2007                        /s/ Randall E. Ravitz
                                                      Randall E. Ravitz