# United States District Court
# District of Massachusetts

LOEURTH SOK,
    Petitioner,

v.                                 CIVIL ACTION NO. 05-11358-RGS

LUIS SPENCER,
    Superintendent,
    MCI, Norfolk,
        Respondent.[1]

## *PROCEDURAL ORDER*

COLLINGS, U.S.M.J.

    The Court is of the preliminary view that the petitioner's claim that the evidence is insufficient to support the indecent assault and battery conviction fails for a reason not asserted by the respondent.

    The respondent argues that because no sentence was imposed on the

---

[1] The Court noted previously that the petitioner was obliged to file a motion to modify the petition in order to name the proper respondent in this case. (*See* #11 Report and Recommendation on Motion to Dismiss (#6) at 2 n.2) The petitioner has moved accordingly to substitute as respondent the Superintendent of the correctional facility where he is currently incarcerated, *viz.*, Luis Spencer, superintendent of MCI-Norfolk. *See* #12. The Court herewith grants that motion, and the Clerk shall make the necessary changes to the docket to effectuate the grant of the motion.

indecent assault and battery conviction, Sok is not "in custody" pursuant to that count. (*See* #26 at 36-37) It is true that Sok is seeking relief from a sentence that was never (and perhaps will never be) imposed. *Cf. Commonwealth v. Simmons*, 65 Mass. App. Ct. 274, 278 (2005) ("By and large, convictions placed on file have tended to remain on file."), *aff'd on other grounds*, 448 Mass. 687 (2007). And indeed Sok offers no counterargument in his reply brief to the respondent's contention. Nevertheless, the Court has doubts about this argument, given the liberal construction accorded to the "in custody" requirement. *See generally Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure*, § 8.2c at 400-415 (5th ed.) (discussing "in custody" requirement).

However, Sok may have procedurally defaulted this claim. The respondent raised the adequate and independent state grounds defense in generic form in the Answer, (*see* #14 ¶ 14), but has not offered any argument to support the defense as it applies to this claim. Nevertheless, the First Circuit has "sanctioned the practice of district courts raising issues of procedural default *sua sponte*" in the section 2254 context. *Oakes v. United States*, 400 F.3d 92, 96 (1st Cir. 2005). Under the doctrine, federal courts are barred from reviewing state court decisions that rest on adequate and independent state grounds. *See*

*Coleman v. Thompson*, 501 U.S. 722, 729 (1991); *see also Gunter v. Maloney*, 291 F.3d 74, 78 (1st Cir. 2002). The procedural default doctrine precludes review when a state court declines to hear the federal claim because the petitioner failed to comply with the state's procedural requirements, provided that the state consistently enforces the rule and has not waived the rule in the particular case. *See Gunter*, 291 F.3d at 79. Under such circumstances, a federal habeas court can only review the claim if the petitioner can show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

At the state sentencing disposition, the defendant consented to place the conviction for indecent assault and battery on file. (*See* #23, Exh. 5 at A-28) The sentencing court stated that

> the implication of that . . . would be that it is not available for him on appeal, and, therefore, he would not be in a position to raise on appeal the question of law that we talked about as the nature of the intent that is required for this offense. So I think there's a bit of a tradeoff there for the defendant, and certainly the defendant is entitled to the advice of counsel in considering that issue.

#23, Exh. 5 at A-25

Nevertheless, Sok appealed the claim, arguing that there was insufficient evidence to support the assault and battery conviction. The Appeals Court did not consider the claim on the merits, but instead rejected it because Sok had consented to place his conviction on file:

> <u>Indecent assault and battery</u>. The defendant may not appeal the trial judge's filing of the charge of indecent assault and battery, a topic which the judge discussed with the defendant at sentencing. "It has long been the practice in this Commonwealth that a judge, after a plea of guilty or a conviction may order that the indictment be placed on file. Absent exceptional circumstances [not found here], we do not consider appeals on assignment of error on indictments placed on file since no appeal may come before us until after judgment, which in criminal cases is the sentence. However, since the placing of a case on file does, inter alia, suspend for as long as the case remains on file, a defendant's right to appeal alleged error in the proceeding, the defendant must consent to the filing." <u>Commonwealth</u> v. <u>Delgado</u>, 367 Mass. 432, 438-438 (1975) (internal citations omitted). As the defendant knowingly consented to the court's placing of this charge on file, he may not now appeal that conviction.

#1, Exh. 3 at 3-4.

Here, the Massachusetts Appeals Court unquestionably relied on the state rule in declining to address the merits of Sok's claim, and the state procedural rule appears to have been firmly established and regularly followed. *See Gunter*, 291 F.3d at 79-80 (discussing "adequacy" and "independence"

requirements). The guilty-filed procedure has a long history in Massachusetts state law, and "'[i]t has long been a common practice.'" *See, e.g., Simmons*, 65 Mass. App. Ct. at 276-277 (discussing history of guilty-filed procedure)(citation omitted).[2]

In the Court's preliminary view, unless the petitioner can establish cause for the default and actual prejudice, the Court must recommend that Claim 3 be dismissed. *Cf. Oakes*, 400 F.3d at 98-99 (courts have discretion to raise procedural default *sua sponte* but must afford petitioner notice of its intention to rely on procedural default and opportunity to respond to that issue).

Since the respondent did not brief this issue, petitioner's counsel did not respond to it. In all fairness, he should be given that opportunity. Accordingly, counsel for the petitioner is granted leave to file a further memorandum on this issue if he so chooses. The further memorandum shall be filed *on or before the close of business on July 1, 2008.*

/s/ *Robert B. Collings*

---

[2] The Court notes that the Appeals Court concluded that "[a]s the defendant knowingly consented to the court's placing of this charge on file, he may not now appeal that conviction." (#1, Exh. 3, at 4). The Court accords a presumption of correctness to the factual determination that Sok knowingly consented to placing the conviction on file.

|  |  |
|---|---|
| | ROBERT B. COLLINGS |
| June 16, 2008. | United States Magistrate Judge |