# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

LOEURTH SOK,
    Petitioner

v.                                    CIVIL ACTION NO. 05-11358-RGS

LUIS SPENCER,
    Superindendent,                                                             MCI,
Norfolk,                                                                          Respondent.

## PETITIONERS RESPONSE TO THE COURTS PROCEDURAL ORDER OF JUNE 16, 2008

    Petitioner asserts that it would be a fundamental miscarriage of justice to not consider the impact on him of a "guilty filed". The concept of "guilty filed" is truly nebulous; this issue was raised by petitioners counsel to the Appellate Court of Massachusetts who refused to rule on it because it was not a final disposition. The Supreme Judicial Court of Massachusetts refused to hear any part of the case. However, they assert that a person who is tagged with a "guilty filed" suffers a variety of substantial detriments as compared to one who does not have such a demarcation. Under the concept of a "guilty filed", either the prosecutor or perhaps even the Court sua sponte can bring the sentencing and disposition at anytime up at its whim. "It may be true that indictments placed on file typically are left on file…this Court retains the ability, at any time, to remove the indictment, from the file." *Commonwealth v Simmons*, 65 Mass. App. Ct. 274 (2005). At that point, the defendant could not contest the finding in the case but at best could

only attempt to moderate any potential sentence. Therefore, an individual's rights as protected by the Constitution such as guilt beyond a responsible doubt, due process, etcetera are no longer available to one who has been labeled with "guilty filed". Aside from the foregoing, a "guilty filed" may have very substantial impact upon a person's probation record in terms of sentencing for any other crime or for potential employers. It seems most inappropriate that there can be no adequate relief from a finding that can have a tremendous impact on an individual. Additionally, the ever-changing laws regarding immigration provide even more detriments to a person who has been adjudicated with a "guilty filed". "Post conviction motions do not operate to negate finality of conviction for deportation purposes following sentence and exhaustion of procedures for direct appeal, if one is successful in reversing judgment and sentence by post conviction motion, no conviction will remain to form basis for deportation, but until a conviction is overturned it is an adequate basis for deportation order." *Aguilera-Enriquez v INS,* 516 F.2d. 565 (1975).

Petitioner asserts that a "guilty filed" has considerably more adverse impact then being on probation. Usually probation has a certain end date and a person on probation at least has the protection of due process before a finding of violation of probation can be determined.

In the case before this Court, it was acknowledged by both the Trial Court and the Commonwealth that the charges of indecent sexual assault and battery were not supported by the facts or the intent of the defendant. To constitute indecent assault and battery it is essential that an act or series of act are fundamentally offensive to contemporary moral values. It is behavior that the common sense of society would regard as immodest, immoral, and improper. Thus, in order to prove indecent assault and battery, the Commonwealth must prove beyond a reasonable doubt that the defendant committed an intentional, unprivileged, and indecent touching of the victim. The prosecution has the same burden of proving lack of consent as in a rape case." Mass.

Practice Criminal § 64:23. At petitioner's sentencing, the court, "the evidence, I think quite clearly, and I didn't understand the Commonwealth to contend otherwise, did not indicate a sexual contact." (Exhibit (A1).

Petitioner asserts that it is such a fundamental miscarriage of justice for any court to enter a guilty finding against any individual when both the trial court and the assistant district attorney on behalf of the Commonwealth acknowledged that the factual evidence and intent of the defendant cannot possibly amount to a finding of guilty. To ignore the injustice and impact on the petitioner would be a fundamental miscarriage of justice. *Coleman v Thompson*, 501 U.S. 722 (1991).

Massachusetts's criminal procedure allows a court to place a case on file either before or after the plea where "public justice does not require an immediate sentence." *Commonwealth v. Dowdican's Bail*, 115 Mass. 133, 136 (1874). Further, under Massachusetts's law, the guilty-filed procedure "suspends the adjudicative process, including the defendant's right to appeal, until such time as the court reactivates or makes some further disposition of the case." The Supreme Judicial Court of Massachusetts described the process as follows: "It has long been a common practice in this Commonwealth, after verdict of guilty in a criminal case, when the court is satisfied that, by reason of extenuating circumstances ... or other sufficient cause, public justice does not require an immediate sentence, to order, with the consent of the defendant and of the attorney for the Commonwealth, and upon such terms as the court in its discretion may impose, that the indictment be laid on file.... Such an order is not equivalent to a final judgment, or to a *nolle prosequi* or discontinuance, by which the case is put out of court; but is a mere suspending of active proceedings in the case ... and leaves it within the power of the court at any

time, upon the motion of either party, to bring the case forward and pass any lawful order or judgment therein." *Id.*

"The precedent surrounding §2255 makes clear that the phrase "a prisoner in custody" should be interpreted broadly. As the law now stands, any person who, as a result of action by a state or federal criminal court, is subject to restraints not shared by the public generally any person who cannot come and go as she pleases-meets the status jurisdictional requirement in the habeas corpus statute." RANDY HERTZ & JAMES S. LIEBMAN, FEDERAL HABEAS CORPUS PRACTICE AND PROCEDURE § 8.2 (5th ed.2006), *Hensley v. Mun. Ct.*, 411 U.S. 345, 351, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973) *Hensley* held that a convicted defendant released on his own recognizance was "in custody" within the meaning of the federal habeas corpus statute.

Similarly to *Hensley*, Mr. Sok is faced with the restrictions of his guilty filed and accordingly can be sentenced at any time. *Dowdican's Bail*, 115 Mass. 133. Accordingly, Mr. Sok should be granted relief under 28 USCA §2255. *Hensley*, 411 U.S. 245

Dated: July 30, 2008

LOEURTH SOK, PETITIONER

By His Attorney,

_David P. LiBassi (US)_

David P. LiBassi, Esquire

321 Central Street

Lowell, MA 01852

(978) 441-9339

BBO# 547480

## CERTIFICATE OF SERVICE

Middlesex, ss                                                                    July 30, 2008

      I hereby certify, I have this day, delivered electronically and via first class mail postage prepaid, a copy of Petitioner's Response to Opposition: Randall Ravitz, Esquire, Assistant Attorney General, Commonwealth of Massachusetts, One Ashburton Place, Boston, MA 02108.

*David P. LiBassi (us)*

David P. LiBassi, Esquire