**EXHIBIT**

```
 1   I want the defendant to clearly understand that
 2   that condition applies throughout the period of
 3   time when he is incarcerated as well as after the
 4   probation begins after his release from
 5   incarceration.
 6       As to the two counts of assault by means of a
 7   dangerous weapon, I'm inclined to think that they
 8   are duplicative of the armed robbery while masked.
 9   But, in any event, I will impose a sentence of
10   probation, concurrent with the other probationary
11   sentence, so that that doesn't raise an issue of an
12   additional sentence.
13       As to the indecent assault and battery on a
14   person who has attained the age of fourteen, I'm
15   going to give the defendant a choice.  And, Mr.
16   Cruz, if you want to consult with your client about
17   the implications of the choice, I think that's
18   certainly reasonable.  And I'll tell you my
19   thinking about this.
20       Having heard the evidence in this case, I
21   think the evidence presented was sufficient to
22   establish the elements of the offense, and,
23   therefore, I think the case was properly submitted
24   to the jury and the conviction is proper.
```

14

                                                                    15

 1   However, the evidence, I think, quite clearly,
 2   and I didn't understand the Commonwealth to contend
 3   otherwise, did not indicate a sexual contact.  That
 4   is, it did not indicate any intention on the part
 5   of the defendant to achieve any sort of sexual
 6   gratification.  And I think under the
 7   circumstances, it would be appropriate to
 8   communicate that message to those who will classify
 9   him as a sex offender and to those who will make
10   decisions as to whether to petition under the
11   sexually dangerous person statute.
12        Now, the way that I would be inclined to
13   communicate that would be to place this conviction
14   on file with the defendant's consent, if he does
15   consent.  Now, the implication of that, I think,
16   would be that it is not available for him on
17   appeal, and, therefore, he would not be in a
18   position to raise on appeal the question of law
19   that we talked about as to the nature of the intent
20   that is required for this offense.  So I think
21   there's a bit of a tradeoff there for the
22   defendant, and certainly the defendant is entitled
23   to the advice of counsel in considering that issue.
24        MR. CRUZ:  Your Honor, if I may, I believe

```
                                                                          16

 1  that placing the matter on file would nonetheless
 2  constitute a conviction, which would require his
 3  registering as a sex offender.  What I would
 4  propose --
 5       THE COURT:  Yes, I think that's right.
 6       MR. CRUZ:  What I would propose to the court,
 7  and that would be contingent on what the
 8  Commonwealth's position is, is that there is a
 9  provision under the new statutes relating to the
10  sex offender registry whereby in certain
11  circumstances, specifically if a person is charged
12  with indecent assault and battery on a person age
13  fourteen or older and it is a first offense, that
14  upon motion of the Commonwealth the Court would
15  have an option of relieving him of that obligation
16  to register as a sex offender, despite the fact
17  that a guilty in this particular charge has issued.
18  So, that is an option to the court.
19       THE COURT:  Can you give me the citation?
20       (Pause.)
21       MR. CRUZ:  Your Honor, I do not have that
22  cite, but I can get it for the court.  I believe
23  it's General Laws Chapter -- I want to say it's
24  Chapter 175, but I could be wrong -- that has
```

17

1  specifically to do with the issue of relieving
2  certain individuals under certain circumstances of
3  the obligation to register as a sex offender if the
4  Court feels that there is no risk of re-offense.
5  And I believe in the way the Court has set
6  this out and the trial -- the evidence at trial has
7  set out, there was no sexual factor involved.
8       THE COURT:  All right.  Your understanding is
9  that that would have to be on a motion of the
10 Commonwealth?
11      MR. CRUZ:  I believe it states, "on motion of
12 Commonwealth," but I also believe it is on motion
13 of either party.  I believe we have to have the
14 Commonwealth's consent, and I think that's the
15 issue.
16      THE COURT:  Well, let me suggest this.  Why
17 don't you find the statute, consult about it
18 together, submit a written motion in whatever form
19 you think the statute requires, and the
20 Commonwealth will, of course, take whatever
21 position it takes, and I will rule on the motion.
22      MR. CRUZ:  That's fine.  And, your Honor, what
23 I can suggest is that if the Court wishes to enter
24 a guilty filed today, which I don't think would be

18

1  a problem, that this issue can be addressed by the
2  Court's allowance of the motion after sentencing,
3  as long as we have the consent of both parties
4  here. I can file the motion citing the particular
5  statute if I have the Commonwealth's assent to the
6  motion. And I can present it to the court, and
7  your Honor can review it and allow it if you feel
8  it appropriate. So, in other words, I don't think
9  it's something that would need to delay the
10 proceedings today.
11     THE COURT: All right. Mr. Banks, do you want
12 to be heard on any of this?
13     MR. BANKS: I would just reserve the
14 Commonwealth's rights, your Honor, and I'll take an
15 opportunity to review his motion when it's filed.
16     THE COURT: All right. And you're not being
17 called upon to take a position on that issue right
18 now. But then, I take it, the defendant consents
19 to that conviction being placed on file with a
20 finding of guilty.
21     MR. CRUZ: Yes, that's fine, your Honor.
22     THE COURT: All right. Thank you.
23     THE CLERK: Mr. Sok, please rise.
24 Indictment No. 99-419-004, a jury having found

```
                                                                     19
 1   you guilty of the offense of home invasion, you
 2   will harken to the sentence the Court has awarded
 3   against you, the Court having duly considered your
 4   offense.  It is ordered that you be punished by
 5   confinement at the Massachusetts Correctional
 6   Institution at Cedar Junction for a term not to
 7   exceed twenty years and one day, nor less than
 8   twenty years.  Eleven days of jail credit will be
 9   noted on the mittimus accompanying you to said
10   institution, and you stand committed to said
11   sentence.
12       A Victim Witness Fee of sixty dollars,
13   indigent counsel fee of one hundred dollars is
14   assessed.
15       Indictment No. 99-419-001, a jury having found
16   you guilty of masked armed robbery, -002, the jury
17   having found you guilty of masked armed robbery, as
18   on -003, the court this day orders you be sentenced
19   to the Massachusetts Correctional Institution at
20   Cedar Junction for a term not to exceed twelve
21   years, nor less than eight years, on these
22   indictments, and these are to run concurrently with
23   each other and with the sentence imposed on -004.
24       On Indictment No. 99-419-006, a jury having
```